IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Case No. 03-cv-00463-PSF-OES

SPERBERG & ASSOCIATES, PC., a Colorado professional corporation,

    Plaintiff,

v.

MHW PROPERTIES, INC., a Florida corporation, and
MICHAEL H. WEISSER, an individual,

    Defendants.

**ORDER ON DEFENDANTS' MOTION TO BIFURCATE
AND STAY PLAINTIFF'S CLAIM FOR FEES**

    This matter comes before the Court on defendants' Motion to Bifurcate and Stay Plaintiff's Claim for Fees (Dkt. # 112) filed April 22, 2005. Plaintiff filed its opposition to the motion on May 26, 2005, and defendants filed a reply on June 6, 2005. On June 27, 2005, while this motion was pending, the Magistrate Judge approved the Final Pretrial Order submitted by the parties. On June 28, 2005, this Court set this matter for a seven-day jury trial to commence on December 5, 2005. For the reasons set forth below, the defendants' motion is denied in all respects and the trial set for December 5, 2005 will encompass all claims then pending.

    This case started as a basic collection case, filed on February 21, 2003 by Plaintiff Sperberg & Associates, a law firm located in Avon, Colorado, seeking to collect attorneys fees it claimed to be owed by Defendant MHW Properties, Inc. ("MHW"), and its principal, Defendant Michael Weisser, for legal services performed in connection with

a state court case in Eagle County captioned *MHW Properties, Inc. v. Gypsum Airpark, LLC,* 98 CV 436 (District Court of Eagle County) ("state court litigation"), and allegedly in connection with several other matters.

On March 14, 2003, defendants removed the case to federal court based on diversity jurisdiction. On March 20, 2003, defendants answered and filed a counterclaim.

The complaint originally contained five claims for relief. On August 13, 2004, this Court granted defendants' motion to bifurcate and stay the Fourth Claim for Relief, which sought to pierce the corporate veil of Defendant MHW Properties, Inc., and hold Defendant Weisser individually liable for the amounts sought by plaintiff. On November 4, 2004, the parties stipulated to dismissal of plaintiff's Third Claim for Relief which alleged a breach of the duty of good faith and fair dealing. Thus, the three claims remaining at this time are basic claims for breach of contract (First Claim for Relief), an apparently alternative claim for payment based on the reasonable value of the legal services rendered (Second Claim for Relief), and a claim for attorneys' fees incurred in collecting the debt allegedly due (Fifth Claim for Relief).

The defendant's original counterclaim asserted one claim alleging legal malpractice and breach of fiduciary duty by plaintiff in connection with legal services rendered "for the benefit of MHW related to the acquisition of and concerning litigation involving approximately 30 acres of property in Eagle County." (Counterclaim at ¶ 3). On February 7, 2005, MHW moved to amend its counterclaim. Over plaintiff's opposition, the amended counterclaim was permitted by order of the Magistrate Judge

on April 18, 2005 (Dkt. # 104).  The amended counterclaim set forth two claims for relief, professional negligence and breach of fiduciary duty, and recited numerous paragraphs relating to the representation by plaintiff of defendants in connection with a 30-acre property known as "Gypsum Airpark."  Plaintiff filed its reply to the amended counterclaim on April 22, 2005.

On April 22, 2005, defendants filed the instant Motion to Bifurcate and Stay Plaintiff's Claims.  This is the second time defendants have come to the well seeking to bifurcate plaintiff's claims.  Plaintiff opposes bifurcation as well as the requested stay.

Defendants argue that a bifurcation is justified under the criteria set forth in *Martin v. Bell Helicopter Co.*, 85 F.R.D. 654 (D. Colo. 1980), and that trial of the defendants' counterclaims should proceed first.  Essentially, defendants contend that "IF" they are successful in proving the negligence of plaintiff, there will be no need for a second trial on plaintiff's claims as the negligence verdict would be a complete defense to plaintiff's claim for legal fees.

This may be so, but as can be seen from this Order, that is a big "IF."  There is no way to predict at this point what a jury may find as to the conduct of plaintiff. If the Court were to grant bifurcation and a stay of plaintiff's claims, and the jury in the first trial found in favor of plaintiff and not the defendant, there certainly would be a need for a second jury trial on plaintiff's claims.  The second jury would have to hear essentially the same evidence as to plaintiff's rendition of services, and decide the reasonable the value of such services, if any.  Given the possibility of two trials involving the same

subject matter, the potential efficiencies of bifurcation suggested by defendants are outweighed by the risks associated with the proposed bifurcation.

The Court reaches this conclusion even though defendants in their motion characterize their amended counterclaim as relating to negligence in the pre-litigation legal advice given by plaintiff, as opposed to in the conduct of the state court litigation itself.  In their reply brief defendants expressly state that all their claims relate to the advice proferred prior to the commencement of the litigation (Defendants' Reply at 3). Defendants thus contend that the evidence relating to their claims of legal malpractice will only relate to plaintiff's pre-litigation conduct, and not to the conduct of the litigation, which is the work for which plaintiff is seeking fees.  Thus, they suggest that if bifurcation were granted, a first trial of their counterclaims would address entirely different conduct of plaintiff than would be offered at any second trial on plaintiff's claims for services rendered.

While such a scenario, if true, might alleviate some of the above concern of two trials relating to the same conduct of the plaintiff, it would also appear that even a verdict for defendants in the first trial may not preclude a second trial.  While the Court has no idea of what the evidence may show, defendants seem to contend that the there would be no overlap between their evidence of malpractice by plaintiff, and plaintiffs' evidence of the services it rendered as to which fees are allegedly due.  If so, it is possible that even if plaintiff were found liable for malpractice in giving pre-litigation advice, it may still be entitled to recover fees for its trial services where the defendants

do not challenge the competency of those services.  Thus, two trials might be necessary whether or not defendants were to first prevail on their malpractice claims.

In any event, speculation on these possible outcomes is not a matter that the Court wishes to engage in.  There has not been a sufficient showing that the criteria for bifurcation and a stay of plaintiff's claim have been met, and therefore the Defendants' Motion to Bifurcate and Stay Plaintiff's Claims (Dkt. # 112) is DENIED.

DATED:  July 25, 2005

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge