IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Case No.  03-cv-00463-PSF-OES

SPERBERG & ASSOCIATES, PC., a Colorado professional corporation,

      Plaintiff,

v.

MHW PROPERTIES, INC., a Florida corporation, and
MICHAEL H. WEISSER, an individual,

      Defendants.

---

**ORDER ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT
MHW'S CROSS-MOTION FOR SUMMARY ADJUDICATION**

---

On June 7, 2005, Plaintiff Sperberg & Associates, P.C. ("Sperberg") filed a

motion (Dkt. # 125) requesting the Court to strike as untimely the "Cross-Motion for

Partial Summary Adjudication" filed by Defendant MHW on May 26, 2005.  Plaintiff

asserts that the deadline set for the filing of dispositive motions was April 22, 2005, and

the cross-motion for partial summary judgment was filed more than one month after the

dispositive motions deadline.  While the motion to strike has been pending, plaintiff has

not filed a response to the cross-motion.

Defendant filed a response to the motion to strike on June 27, 2005 (Dkt. # 131),

asserting that the filing of a cross-motion is not subject to a dispositive motions deadline

contained in a scheduling order, that the post-deadline deposition testimony of expert

witness Laurin Quiat, Esq., which is a basis for MHW's cross-motion, was not available

prior to the April 22, 2005 deadline, and that there has been no prejudice to plaintiff from the filing, even if it is late.

A review of the file in this case shows that in a scheduling order entered November 2, 2004, the Magistrate Judge set the discovery deadline in this case for March 31, 2005 and the deadline for dispositive motions for April 15, 2005 (Dkt. # 78). By unopposed motion filed on April 8, 2005, the plaintiff moved for an extension of the deadline for dispositive motions to April 22, 2005. One reason given for the requested extension was the pending motion to amend counterclaim filed by defendants. On April 11, 2005, the Magistrate Judge granted the requested extension of the deadline to file dispositive motions to April 22, 2005, and on April 18, 2005 granted the defendants' motion to amend their counterclaim.

On April 22, 2005, the parties filed no less than three dispositive motions. Plaintiff filed a motion for partial summary judgment (Dkt. #109) on its claim for attorneys' fees, and a motion for summary judgment (Dkt. # 106) on certain of defendants' counterclaims. Defendant MHW filed a motion for partial summary Judgment regarding the "admissibility of certain evidence concerning Sperberg's defense" to its counterclaim of malpractice, and Defendant Weisser filed a motion for summary judgment as to plaintiff's claims against him (Dkt. # 110).

It appears to the Court that the intent of the scheduling order, as well as the understanding of the parties, was that all dispositive motions were to be filed by April 22, 2005, regardless of the grounds asserted in the motion. Thus, the Court rejects

Defendant MHW's argument that because its present motion is titled "Cross-Motion" it was somehow not subject to the scheduling deadline.

The Court also notes that the scheduling order entered on November 2, 2004 set expert witness disclosure deadlines of January 30, 2005 (for defendants) and March 1, 2005 (for plaintiff) with a discovery cut-off date of March 31, 2005.  On February 25, 2005, plaintiff requested an extension of time through March 8, 2005 to submit the expert witness report from Mr. Quiat (Dkt. # 85).  By Order entered on March 1, 2005, the Magistrate Judge granted the extension for the filing of Mr. Quiat's report.  The report appears to have been issued on or about March 7, 2005.  *See* Exhibit D to Defendant's Motion for Summary Judgment.

Thereafter, it appears that Mr. Quiat's deposition was not taken until May 5, 2005.  *See* Exhibit C to Defendant's Motion for Partial Summary Judgment filed May 26, 2005.  Court finds no order granting an extension of the March 31, 2005 deadline for the completion of expert witness discovery, and the Court has not been provided with an explanation as to why the expert witness depositions were not taken in accordance with the March 31, 2005 cutoff date.

However, it appears that the filing on February 7, 2005 of defendants' motion for leave to amend their counterclaim, and the delay of a ruling on that motion until April 18, 2005, may have contributed to a delay in completing expert witness depositions on the malpractice counterclaim.  As noted above, the parties requested an extension of the time for filing dispositive motions as a result of the filing of the motion to amend the counterclaim, but apparently through oversight failed to request an extension of the

expert witness discovery deadline.  Although no party has so represented to the Court, it appears that the delayed completion of expert witness depositions was agreed to by the parties, even though they did not seek an express modification of the scheduling order from the Court.  Accordingly, the Court will assume that the deposition of Mr. Quait was taken after the cut-off date pursuant to agreement.

Because the transcript of Mr. Quiat's deposition was not available as of April 22, 2005, and because it appears to be relevant to defendant's "Cross-Motion," the Court finds that good cause exists to permit the late filing of this fifth motion for summary judgment or partial summary judgment filed in this case.  The Court also believes that plaintiff is not prejudiced by the late filing of the motion, as the motion appears to assert arguments that are already the subject of other motions, and were certainly known to the plaintiff.

Accordingly, plaintiff's motion to strike the defendants' "Cross-Motion for Partial Summary Adjudication" is DENIED (Dkt . # 125).  Plaintiff is allowed 20 days from the date of this Order to file its response.

DATED:  July 25, 2005.

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge